IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HUGHES,<br>    Plaintiff<br><br> vs.<br><br>M. EITNER, C/O I; C. BOWLIN, C/O I;<br>SGT. BARKEFELT, C/O II; DAVID<br>GRAINEY, C/O IV; LOUIS FOLINO,<br>Superintendent; JEFFERY BEARD, Sect.<br>Of Corr.,<br>    Defendants | Civil Action No. 05-463<br>Judge Arthur J. Schwab/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

  It is respectfully submitted that the Motions for Temporary Restraining Order (dkt. nos. 5 & 11) should be denied.

II. REPORT

  Plaintiff brought the above-captioned civil rights complaint *pro se* and has been granted leave to proceed *in forma pauperis*. Plaintiff's complaint asserts, *inter alia*, that his constitutional rights have been violated by the use of excessive force and his placement in a strip cell by the defendants. Plaintiff has now filed two motions for a temporary restraining order alleging that prison personnel are placing other inmates in strip cells and violating their constitutional rights in the process. Because these other inmates are not parties to this action, the Court lacks jurisdiction to act.

  It is axiomatic that before a federal court may consider the merits of a legal claim, the individual seeking to invoke the jurisdiction of the court must establish the requisite standing to seek the relief he requests. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990). Stated differently,

the party who invokes the court's authority must "show that he personally has suffered some actual or threatened injury." Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979). Here, the complaint concerns the defendants' actions as they relate to the plaintiff only. Although standing as a "next-friend" is recognized as an accepted alternative basis for jurisdiction in certain circumstances, those circumstances are not present here.  Plaintiff has not met the requirements of a "next friend."  A "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action.  Whitmore, 495 U.S. at 163-64 (citations omitted).   A "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and should have some significant relationship with the real party in interest.  Id.  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.  Id.   Plaintiff has not met his burden and, therefore, the district court should deny the plaintiff's motions for a temporary restraining order.

    Respectfully submitted,

    s/ Amy Reynolds Hay
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated:   28 July, 2005.

cc:    The Honorable Arthur J. Schwab
      United States District Judge

      Robert Hughes
      AR-4652
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Scott A. Bradley

Deputy Attorney General
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219