IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HUGHES,<br><br>   Plaintiff,<br><br>   v.<br><br>M. EITNER-C/O I, et al.<br><br>   Defendants. | Civil Action No. 05-463<br>Judge Schwab<br>Magistrate Judge Hay |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

   It is respectfully recommended that defendants' motion to dismiss (Docket #17) be granted in part and denied in part.

II.   REPORT

   Plaintiff Robert Hughes is a prisoner at the State Correctional Institution at Greene, Waynesburg, Pennsylvania. He alleges that his constitutional rights were violated when certain defendants assaulted him on December 13, 2004. It is also alleged that false misconduct charges were brought against him arising from this incident, and that he was placed in a "strip cell" for some period of time and denied clothing, food and bedding. Defendants have filed a motion to dismiss certain claims and with respect to certain defendants only (Docket #17). Plaintiff has responded (Docket #25) and the motion is ripe for disposition.

   Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

   Further, where a plaintiff is proceeding pro se, the standard differs slightly. A pro se complaint, "however inartfully pleaded," is subject to more liberal review than a district court's

review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir. 2002). This more liberal standard of construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

Hughes seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege (1) that the alleged misconduct was committed by a person acting under color of state law and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds; Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Defendants first assert that Hughes has failed to exhaust available administrative remedies with respect to certain of his claims. The applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d

Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731 (2001).  There is no "futility" exception to the administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000).  Further, the Third Circuit has reaffirmed the vigor with which the exhaustion requirement §1997e(a) must be applied.  It is not enough for a prisoner to establish "there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004).  Rather, the Spruill court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id.  In short, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, supra, 204 F.3d at 73 (quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. 372 F.3d at 228-229 (3d Cir. 2004).  The Court explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component.  Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.  Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural

default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, and he would now be barred under the prison's policy from again presenting his claim, then he has procedurally defaulted his claim for purposes of §1997(e)(a).

Defendants argue, first, that the two grievances which Hughes filed, and which he has attached to the complaint, contain no mention of the "strip cell" issue, and that the grievances also do not name defendants Beard, Folino and Grainey. Thus, it is asserted, Hughes has not exhausted his claims with respect to his alleged placement in the strip cell, and that any claims against defendants Beard, Folino and Grainey are likewise subject to dismissal.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir.2000) (outlining the grievance review process). Section 1997e(a) requires that an inmate "avail[] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill, 372 F.3d at 227-28.

While it is true that the grievances attached to the complaint do not contain allegations concerning the strip cell incident and the alleged denial of clothing, food and bedding, those allegations are set forth in a "final review" letter attached to the complaint as Exhibit 6-E. This is a letter which, it is alleged, was part of the grievance appeal process. Defendant Grainey is also mentioned in that exhibit. Further, with respect to defendants Beard and Folino, Hughes alleges in his complaint that he made requests to Beard and Folino for assistance during the disciplinary process (Docket #2, ¶¶ 26, 32), but that these were ignored. Accordingly, reading

the complaint and the exhibits thereto liberally, the court cannot conclude "beyond doubt" that Hughes can prove no set of facts which would establish that he exhausted administrative remedies. The motion to dismiss should be denied to the extent that it asserts a failure to exhaust, although this does not prevent defendants from raising such a defense in a motion for summary judgment.

Defendants Eitner and Bowlin seek dismissal of the claim made against them that they filed false misconduct charges against plaintiff. Indeed, a prisoner does not have a constitutional right to be free from being falsely or wrongly accused of conduct even where the false accusation may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). In other words, the mere filing of false charges against an inmate does not constitute a *per se* constitutional violation. Id. Before the Supreme Court issued its decision in Sandin v. Conner, 515 U.S. 472 (1995), finding that no liberty interest is implicated in the normal prison disciplinary proceeding, the federal courts had determined that the filing of unfounded administrative charges against an inmate may result in a procedural due process violation only when such charges were not subsequently reviewed in a misconduct hearing. Freeman, 808 F.2d at 952 (an allegation that a prison guard planted false evidence fails to state a claim where the procedural due process protections as required in Wolff v. McDonnell are provided)(citation omitted). Thus, even if false charges impaired a protected liberty interest, as long as prison officials granted the inmate a hearing and an opportunity to be heard (which occurred in this case), the filing of unfounded charges did not give rise to a procedural due process violation actionable under section 1983. Accord Jones v. Coughlin, 45 F.3d 677 (2d Cir. 1995); Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988); McClean v. Seclor, 876 F. Supp. 695 (E.D. Pa. 1995). In light of the Supreme Court's ruling in Sandin, however, Hughes cannot even demonstrate that he had a constitutionally protected liberty

interest in his disciplinary proceeding that was offended by the Commonwealth defendants' actions. Thus, Hughes has failed to allege a constitutional violation through the mere assertion that false charges were filed against him, and he has, thus, failed to state a claim upon which relief can be granted. Defendants' motion to dismiss should be granted in this respect.

Defendants Beard and Folino move to dismiss on the basis that plaintiff has not alleged any personal involvement in the alleged constitutional deprivations. The complaint, however, contains allegations that plaintiff made specific requests to both Beard and Folino, in their supervisory capacities, to remedy the alleged unconstitutional cell conditions (Docket #2, ¶¶ 26, 32). Thus, he has alleged that both defendants were made aware of the incidents, but took no action.

Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. However, supervisory liability may not be premised solely on a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some sort of personal involvement must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials participated in violating a plaintiff's rights, directed others to violate a plaintiff's rights, knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights, or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n. 3 (3d Cir.1995). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989) (citing City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Although it is a close case, it appears that Hughes has alleged sufficient information for his claims against Beard and Folino to survive a motion to dismiss.

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motion to dismiss (Docket #17) be granted as to the claim that false misconduct charges were filed, but that it be denied in all other respects.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   7 March, 2006

cc:   Hon. Arthur J. Schwab
      United States District Court

      Robert Hughes
      AR-4652
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Scott A. Bradley
      Deputy Attorney General
      Office of the Attorney General
      6th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219