IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HUGHES,<br>            Plaintiff<br><br>vs.<br><br>M. EITNER, C/O I; C. BOWLIN, C/O I;<br>SGT. BARKEFELT, C/O II; DAVID<br>GRAINEY, C/O IV; LOUIS FOLINO,<br>Superintendent; JEFFERY BEARD, Sect.<br>Of Corr.,<br>            Defendants | Civil Action No. 05-463<br>Judge Arthur J. Schwab/<br>Magistrate Judge Amy Reynolds Hay<br><br><br><br>RE:   Dkt. [123] |

MEMORANDUM ORDER

The plaintiff has filed a "Letter for Allowance," which the Court will treat as a motion, through which he seeks to allow several affidavits to be considered by the Court notwithstanding any failure to include in said affidavits the language of 28 U.S.C. § 1746, to wit, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing matter is true and correct.  Executed on (date). (Signature)."  The affidavits at issue are noted to have been filed with plaintiff's brief in opposition to the motion for summary judgment filed by defendants Beard and Folino, Dkt. [122].  Those affidavits include the following:

1. Exhibit 17, Sworn Declaration of Richard Grosso, who swears to the facts asserted upon oath before a Notary Public;
2. Exhibit 18, Affidavit of Tito McGill, who swears "[p]ersuant [sic] to 18 Pa.C.S.A. § 4904";
3. Exhibit 20, Affidavit of Ty McDaniel, who swears "subject to the law of perjury";
4. Exhibit 51, Affidavit of Rasheed Burch, who swears that the facts contained in the affidavit "are true and correct to the best of [his] knowledge";
5. Exhibit 52, Affidavit of David Burgos, who swears "pursuant to 18 Pa.C.S.A. § 4904;" and

      6.      Exhibit 53, Affidavit of plaintiff, who swears "pursuant to the rules of perjury."

Under 28 U.S.C. § 1746, an unsworn declaration that is dated and signed by the declarant under penalty of perjury has the same force and effect as a sworn affidavit for purposes of any requirement imposed by any federal rule or regulation.  See, e.g., Davis v. Frapolly, 756 F.Supp. 1065, 1067 (N.D.Ill. 1991); McLaughlin v. Cohen, 686 F.Supp. 454, 457 (S.D.N.Y. 1998); Williams v. Berks County, Pennsylvania, 2006 WL 3827505, at *1 n. 3 (E.D.Pa. Dec. 15, 2006)(finding verified statement made pursuant to 18 Pa.C.S.A. § 4904 sufficient to satisfy the affidavit requirement of Fed.R.Civ.P. 56(e)).  Exhibits 17, 18, 20, 52, and 53 substantially meet the requirements of 28 U.S.C. § 1746 since they are dated and signed under penalty of perjury.  Exhibit 51, the Affidavit of Rasheed Burch, however, fails to substantially meet the requirements of 28 U.S.C. § 1746 since it lacks any mention of the penalty of perjury.  Accordingly, the Court may not properly consider Mr. Burch's Affidavit.

For the above-stated reasons, this 10th day of July, 2007, IT IS HEREBY ORDERED that plaintiff's motion, Dkt. [123], is GRANTED as to Exhibits 17, 18, 20, 52, and 53 and DENIED as to Exhibit 51.

                                                      /s/ *Amy Reynolds Hay*
                                                      United States Magistrate Judge

cc:    Robert Hughes
        AR-4652
        SCI Albion
        10745 Route 18
        Albion, PA 16475

        Scott A. Bradley
        Deputy Attorney General
        by Notice of Electronic Filing